IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
22 DEC -1 PM 3:28
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ PN ____ DEPUTY CLERK

| | |
|---|---|
| HEATHER ELIZABETH GODWIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLYN J. GODWIN, GERARD RUTH, ) <br> CHARLES GARDNER, BIRRAPORETTI'S ) <br> RESTAURANTS, INC., TRACY WALTER ) <br> ROGERS, MARY SANCHEZ, HABITAT ) <br> SUITES, KELLY COLLENBORN, ) <br> MARTHON GIMRE, JOSEPH BRUNO, SR., ) <br> BRUNO & BRUNO LAW, L.L.P., ) <br> ROBERT SCHNEIDER, RIVER OAKS, ) <br> L.L.C., REED TECKENBROCK, ) <br> WINCKLER & HARVEY, P.L.L.C., ) <br> AUSTIN POLICE OFFICER JOHN DOE ) <br> ) <br> Defendants. ) <br> _____ ) | 1:22CV01263 LY <br> Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff, for a Complaint against Defendants, respectfully alleges as follows:

I.   INTRODUCTION

1. Plaintiff, Heather Elizabeth Godwin, proceeding Pro Se, brings this action pursuant to Trafficking Victims Protection Reauthorization Act Of 2003, 22 U.S.C. § 7101 et seq., and 18 U.S.C. § 1584 et seq.

2. Heather Elizabeth Godwin contends that Defendants defrauded her into involuntary servitude and obtained those services by threats of force, physical restraint, or threats of physical restraint, by means of psychological, financial, or reputational harm and threats

of serious physical harm, by means of the abuse or threatened abuse of law or legal process; and causing her to believe that if she did not perform the services, she would suffer physical harm, psychological harm, financial harm, reputational harm, abuse of law or legal process, and physical harm.

3. Defendants benefitted financially, socially, and/or created and solidified business relations by participating in the scheme to obtain her services by the means described above, knowing or in reckless disregard of the fact that the venture was engaged in the providing or obtaining of services by any of such means.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## II. PARTIES AND JURISDICTION

### Plaintiff

5. Plaintiff Heather Elizabeth Godwin is a citizen of Texas. Her domicile is in Texas, and her address is 7310 Menchaca Road, Box 152500, Austin, Texas 78715. Heather Elizabeth Godwin is subject to the jurisdiction and venue of this Court.

### Defendants

6. Defendant Glyn J. Godwin is a citizen of Louisiana. His domicile is in Louisiana. Glyn J. Godwin is subject to the jurisdiction and venue of this Court.

7. Defendant Gerard Ruth is a citizen of Louisiana. His domicile is in Louisiana. Gerard Ruth is subject to the jurisdiction and venue of this Court.

8. Defendant Charles Gardner is a citizen of Texas. His domicile is in Texas. Charles Gardner is subject to the jurisdiction and venue of this Court.

9. Defendant Birraporetti's, Inc., is a corporation now incorporated under the laws of Texas.

It was incorporated under the laws of Louisiana during events in this Complaint. Birraporetti's, Inc., is subject to the jurisdiction and venue of this Court.

10. Defendant Tracy Walter Rogers is a citizen of Texas. Her domicile is in Texas. Tracy Walter Rogers is subject to the jurisdiction and venue of this Court.

11. Defendant Mary Sanchez is a citizen of Texas. Her domicile is in Texas. Mary Sanchez is subject to the jurisdiction and venue of this Court.

12. Defendant Habitat Suites is incorporated or organized under the laws of Texas. Habitat Suites is subject to the jurisdiction and venue of this Court.

13. Defendant Kelly Collenborn is a citizen of Texas. His domicile is in Texas. Kelly Collenborn is subject to the jurisdiction and venue of this Court.

14. Defendant Marthon Gimre is a citizen of Louisiana. His domicile is in Louisiana. Marthon Gimre is subject to the jurisdiction and venue of this Court.

15. Defendant Joseph Bruno, Sr., is a citizen of Louisiana. He is an attorney licensed in Texas. His domicile is in Louisiana. Joseph Bruno, Sr. is subject to the jurisdiction and venue of this Court.

16. Defendant Bruno & Bruno Law, L.L.P., is a limited liability partnership organized under the laws of Louisiana. Bruno & Bruno Law, L.L.P., is subject to the jurisdiction and venue of this Court.

17. Defendant Robert Schneider is a citizen of Texas. His domicile is in Texas. Robert Schneider is subject to the jurisdiction and venue of this Court.

18. Defendant River Oaks, L.L.C., is a limited liability corporation incorporated under the laws of Texas. River Oaks, L.L.C., is subject to the jurisdiction and venue of this Court.

19. Defendant Reed Teckenbrock is a citizen of Texas. His domicile is in Texas. Reed Teckenbrock is subject to the jurisdiction and venue of this Court.

20. Defendant Winckler & Harvey, P.L.L.C., is a professional limited liability corporation incorporated under the laws of Texas. Winckler & Harvey, P.L.L.C., is subject to the jurisdiction and venue of this Court.

21. Defendant John Doe is a police officer for the City of Austin. His domicile is in Texas. John Doe is subject to the jurisdiction and venue of this Court.

### III.   STATEMENT OF CLAIM

22. Defendants Glyn J. Godwin, Gerard Ruth, and Charles Gardner defrauded Plaintiff into a contract of surveillance in or about 1991. Defendant Glyn J. Godwin was in financial trouble and sold Plaintiff into servitude by colluding with Gerard Ruth into defrauding her into an engagement and "protection" by surveillance because Gerard Ruth was to be deployed overseas. Plaintiff asked if the surveillance would be in her bedroom and bathroom and Gerard Ruth told her no. Soon after, Plaintiff and Gerard Ruth broke up and Plaintiff believed the contract dissolved because the engagement and Gerard Ruth's motivation for ensuring Plaintiff's safety were terminated. In 2015, Plaintiff realized the contract was still in existence when she was made aware through social media posts and realized that statements others had told her in the past hinted that she was under surveillance. Defendants Glyn J. Godwin, Gerard Ruth, and Charles Gardner psychologically abused Plaintiff to maintain the surveillance.

23. Defendant Birraporetti's, Inc., is a restaurant now owned by Charles Gardner and the location where the contract took place. Charles Gardner was the bartender at the restaurant

and produced the contract for signature.

24. In 2016, Defendant John Doe, a police officer for the City of Austin, pulled up alongside Plaintiff as she was stopped in traffic and made a gesture as if he had a gun in his hand pointed at her head and pulling the trigger.

25. In 2016, Defendant Tracy Walter Rogers, knowing that Plaintiff was seeking safety and escape from the surveillance, referred her to Defendant Mary Sanchez, who rented a duplex to Plaintiff, in which she was surveilled.

26. In 2016, Defendant Habitat Suites, Inc. rented a room to Plaintiff on the first floor of the property. Holes appeared in the ceiling and Plaintiff was surveilled by the customers above. Plaintiff reported the incident and explained her situation to hotel staff and posted pictures of the holes on social media. Nothing was done about it.

27. In 2018, Defendant Kelly Collenborn occupied the other side of a duplex in Austin that Plaintiff rented and provided access for surveillance of Plaintiff.

28. In 2019, Defendant Marthon Gimre sublet an apartment in New Orleans to Plaintiff and provided access for surveillance of Plaintiff.

29. In 2019, Plaintiff called Defendant Joseph Bruno, Sr., and Defendant Bruno & Bruno Law, L.L.P., for help escaping the contract and suing for damages. Defendant Joseph Bruno, Sr., told Plaintiff "they told me not to help you". In November 2022, Plaintiff called Defendant Bruno & Bruno Law, L.L.P., and was told that Defendant Joseph Bruno, Sr., "didn't know what she was talking about."

30. Defendant Robert Schneider is an artist and musician who had a relationship with Plaintiff

in 1993. He bought access to surveillance video of Plaintiff from sometime after 1993 until Plaintiff was able to escape the surveillance in 2022. His discography and artwork include references to surveillance of Plaintiff and threats of physical harm.

31. In 2020, Defendant River Oaks, L.L.C., rented an apartment to Plaintiff and provided access for surveillance of Plaintiff until June 3, 2022, when she was able to escape.

32. In April 2022, Plaintiff contacted Defendant Reed Teckenbrock and Winckler & Harvey, P.L.L.C., for help to escape the surveillance and sue for damages. Reed Teckenbrock told Plaintiff he would look into it and get back to her. He sent her an email with case law supporting Defendants' contention that the Plaintiff consented to the surveillance and that she would be subject to a defamation claim if she proceeded with filing suit. When Plaintiff submitted evidence that she tried to run away in 2015 but her bank account had been hacked and her debit card cancelled, he ceased any contact with her.

33. In 2016, Defendant John Doe, a police officer for the City of Austin, pulled up alongside Plaintiff as she was stopped in traffic and made a gesture as if he had a gun in his hand and pulling the trigger.

## IV.   RELIEF

34. Plaintiff seeks damages of $10,000,000,00 for intentional infliction of emotional distress and lost past and future earning potential. Defendants continue to deny any surveillance occurred or the existence of a contract and refuse to respond to her requests for information. Plaintiff seeks punitive and exemplary damages due to the Defendants' fraud, malice, and gross negligence in the amount of $75,000,000.00.

## V.   CERTIFICATION AND CLOSING

35. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

*[signature]*

**HEATHER E. GODWIN, PRO SE**
7310 Menchaca Road
Box 152500
Austin, Texas 78715
phone: (512) 871-9030
fax: (737) 249-9258
hgodwin@godwinlawoffice.com