UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HEATHER ELIZABETH GODWIN, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> GLYN J. GODWIN, et al., § <br> *Defendants* § <br> § | Case No. 1:22-CV-1263-RP |

## ORDER

Before the Court is Plaintiff's Motion for Alternative Service on Defendant Charles Gardner, filed April 11, 2023 (Dkt. 45). By Text Order entered April 12, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Plaintiff Heather Elizabeth Godwin, who is proceeding *pro se*, filed her Original Complaint against Charles Gardner and numerous other defendants on December 1, 2022 (Dkt. 1) and filed her Third Amended Complaint on December 12, 2022 (Dkt. 7). Plaintiff now asks the Court to authorize alternative service on Gardner by leaving a true copy of the summons, with a copy of the complaint attached, with anyone older than sixteen years or by posting on the door at 8710 Greiner Drive, Houston, Harris County, Texas 77080.

Plaintiff submitted statements sworn under penalty of perjury by two certified process servers describing their unsuccessful efforts to effect personal service on Gardner. One of the statements details repeated attempts to serve Gardner at 8710 Greiner Drive. *Id.* at 3. In the first attempt, on March 21, 2023, a man in his 30s answered the door of the home at that address, stated that he did not know Defendant, and "took the paper into the home with him." *Id.* Plaintiff represents that the

summons thus was delivered to Elmer Charles Gardner III, son of Defendant Elmer Charles Gardner, Jr., and that 8710 Greiner Drive is the registered address for both men. *Id.* at 2. The process server states that when she attempted service at the same residence again on April 5, 2023, a car owned by Defendant was parked in the driveway, lights were on inside the home, and she could hear a television or radio playing, but there was no answer at the door. *Id.* at 5.

Rule 4 governs service of process in federal court. Rule 4(e) states in relevant part that a plaintiff may serve an individual by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or . . .
>
> (2)(B) leaving a copy at each individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . .

Similarly, Texas Rule of Civil Procedure 106(b) provides that:

> Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

The Court finds that Plaintiff has met the requirements to authorize substitute service under Texas Rule of Civil Procedure 106(b). Accordingly, Plaintiff's Motion for Alternative Service on Defendant Charles Gardner (Dkt. 45) is **HEREBY GRANTED**.

The Court **ORDERS** that Plaintiff may effect service under Rule 4(e)(2)(B) and Texas Rule of Civil Procedure 106(b) by having an authorized person (1) leave a copy of the complaint and

summons with anyone older than sixteen at 8710 Greiner Drive, Houston, Harris County, Texas 77080, or (2) post a true copy of the summons, with a copy of the complaint attached, on the door at 8710 Greiner Drive, Houston, Harris County, Texas 77080.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on May 11, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE