## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **HEATHER ELIZABETH GODWIN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:22-CV-1263-RP** |
| | § | |
| **GLYN J. GODWIN, et al.,** | § | |
| *Defendants* | § | |
| | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Alternative Service on Defendant Forest Cook, filed June 2, 2023 (Dkt. 78). By Text Order entered June 20, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Heather Elizabeth Godwin, an Austin, Texas-based family law attorney who is representing herself, brings this lawsuit against Glyn J. Godwin,[1] sixteen other individuals, and four corporations, alleging: (1) violations of the Trafficking Victims Protection Act, 18 U.S.C. § 1591; (2) violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq.; (3) fraud by wire, radio or television, in violation of 18 U.S.C. § 1343; (4) bank fraud, in violation of 18 U.S.C. § 1344; and (5) common law claims for fraud, negligence, premises liability, and professional liability. Fourth Amended Complaint (Dkt. 26). Plaintiff alleges that beginning in 1989, Defendant Godwin "defrauded Plaintiff into commercial sex acts of pornography and distributed the film via interstate commerce in violation of 18 U.S.C. § 1591."

---

[1] It appears that Plaintiff was once married to Glyn Godwin. Fourth Amended Complaint (Dkt. 26) ¶ 29.

*Id.* ¶ 28 Plaintiff alleges that for the next thirty years, Defendant Godwin and the other Defendants "individually or as part of an enterprise, defrauded and coerced her into commercial sex acts of pornography by fraud, by threats of force, by threats of physical restraint, by psychological, financial, or reputational harm, and/or by means of the abuse or threatened abuse of law or legal process." *Id.* ¶ 2. Plaintiff alleges that she "escape[d] the enterprise of pornography by fraud and coercion" in 2019 when she "agreed to appear on the Dr. Phil Show to be sent to Rehab in California and begin a new life." *Id.* ¶ 51. Plaintiff seeks $10 million in compensatory damages, $75 million in punitive damages, and attorney's fees.

Defendants Reed Teckenbrock, Gerard Ruth, Ronnie Baldo, Jane McFarland, Kelly Collenborn, CPF River Oaks Austin, L.L.C., and A Mission for Michael have filed motions to dismiss, which are pending before the District Court. Dkts. 33, 34, 47, 54, 93, 95, 98. Defendant HI One Austin has filed a motion for summary judgment, which is also pending. Dkt. 75.

## II.   Motion for Alternative Service

Plaintiff asks the Court to authorize alternative service on Defendant Forest Cook, an Austin, Texas-based real estate and family law attorney who is opposing counsel in a family law case Plaintiff is litigating. Plaintiff alleges that she sent a "Notice of a Lawsuit and Request to Waive Service of a Summons" to Defendant Cook by certified mail and regular mail at his last known address, but both mailings were "returned to sender." Dkt. 78 at 2. Plaintiff asks the Court for permission to serve Defendant Cook by email.

The core function of service is to supply notice of the pendency of a legal action in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections. *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679

F. Supp. 2d 787, 795 (S.D. Tex. 2010). Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Relevant here, Texas Rule of Civil Procedure 106(a) permits service of process by:

(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

If service does not succeed under either provision, the serving party may file a motion with the court requesting alternative service:

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

The motion for substitute service must be supported by a sworn statement and list "any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful." *Id.* For substitute service to be authorized, "the supporting affidavit must 'strictly comply' with the requirements of Texas Rule 106(b)." *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *1 (W.D. Tex. May 18, 2022) (quoting *Taylor v. El Centro Coll.*, No. 3:21-CV-999-D-BH, 2022 WL 581812, at *2 (N.D. Tex. Feb. 25, 2022)). The burden is on the moving party to show that a substitute method of service is appropriate under Texas law.

*Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tex. May 29, 2020).

Plaintiff has not supported her motion for alternative service with a sworn statement, as required by Texas Rule of Civil Procedure 106(b). *See Collister v. Investigative Network, Inc.*, No. 1:20-CV-1148-RP-SH, 2022 WL 770123, at *1 (W.D. Tex. Mar. 14, 2022) (denying motion for alternative service where plaintiff failed to support his motion with a sworn statement as required by Rule 106(b)); *Taylor,* 2022 WL 581812, at *3 (same). In addition, the Court finds that Plaintiff has failed to show that that she has been diligent in serving Defendant Cook. While Plaintiff has attempted service by certified mail and regular mail, she does not indicate that she attempted to personally serve Defendant Cook. Accordingly, she has failed to sustain her burden to show that substitute service is appropriate.

For these reasons, Plaintiff's Motion for Alternative Service on Defendant Forest Cook (Dkt. 78) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on August 18, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE